## Chavoren v. Pierson.

*Trespass—Automobiles — Negligence—Contributory negligence—Question for jury—Verdict—Amount.*

1. In an action of trespass to recover damages for personal injuries, it appeared that the plaintiff was struck while crossing a street to board a waiting street car at the intersection of three streets in the City of Philadelphia, that the truck which struck him came without signal or warning from behind the car at a speed of fifteen to twenty miles an hour, and that the plaintiff was looking in three directions and did not see the truck: *Held*, the questions of negligence and contributory negligence were properly for the jury.

2. Where plaintiff suffered an injury to his knee of a somewhat permanent character and some injury to his head, with resulting partial deafness, although this deafness might be cured, or at least relieved to a great extent, a verdict of $6801 was sustained.

Motion for judgment *non obstante veredicto* and rule for a new trial. C. P. No. 5, Phila. Co., June T., 1923, No. 711.

*Wilson & McAdams,* for plaintiff; *Spangler & Berry,* for defendant.

HENRY, P. J., 52nd judicial district, specially presiding, June 20, 1924.— This action of trespass was brought for the recovery of damages claimed to have been suffered by reason of being struck by the automobile of the defendant. The jury returned a verdict in favor of the plaintiff for $6801. The defendant has taken a rule for a new trial, and, in support of this rule, assigns as reasons, among others, that the plaintiff was guilty of such contributory negligence as should bar a recovery, and that the verdict is excessive.

The accident happened at the intersection of Germantown Avenue with Indiana Avenue and Tenth Street, in the City of Philadelphia. The plaintiff was going westwardly on Indiana Avenue, and, at the time he was struck, was crossing Germantown Avenue to take a south or southeastwardly-bound car on Germantown Avenue, which had just stopped and was taking on passengers. The defendant's truck was going southwardly or southeastwardly on Germantown Avenue, and had been following this street car. The evidence for the plaintiff indicated that the truck was running from fifteen to twenty miles an hour, and suddenly darted out from back of the street car and, without giving signals or warnings, hit the plaintiff. It was raining at the time, and the plaintiff was carrying an umbrella. He testified that he looked before

Chavoren v. Pierson.

leaving the curb to cross the street, and kept looking in three directions, but that he did not see the truck before he was hit by it.

There can be no doubt of there being sufficient evidence of negligence upon the part of the defendant's driver to take the case to the jury, but it is strongly contended that the plaintiff was guilty of contributory negligence, and that, in any event, the verdict is excessive. While the plaintiff says he looked before stepping into the street, and continued looking up to the time he was struck, yet the fact that he never saw the truck before being hit by it might indicate that he could not have been looking in that direction. He said the truck seemed to come from nowhere, which, of course, could not be true; but it must be borne in mind that he was looking, and it was his duty to look, in several directions, for, under this evidence, it appears that street cars ran both ways on Germantown Avenue, and it is only fair to infer that automobile traffic also traveled in both directions; cars were likely to approach on Tenth Street or upon Indiana Avenue; and he also, under these circumstances, was under a duty to watch the street car, which had stopped and which he intended boarding, but which might start while he was in its pathway, so that he could not keep his eyes solely in the direction of the approaching truck; and if the truck was traveling at the rate of speed indicated by the testimony of some of the witnesses, then it required a very short space of time to reach the plaintiff after turning from back of the street car. Under these facts, we think the question of the contributory negligence of the plaintiff was for the jury.

The plaintiff suffered an injury to his knee, which, under the testimony of his witnesses, was of a somewhat permanent character; some injury to his head, with resulting partial deafness. There was testimony that this might be cured, or at least relieved to a great extent, but the court cannot say that, under all the evidence for the plaintiff, if believed, the damages awarded to the plaintiff for his injuries are excessive.

After a careful reconsideration of the case, we do not feel that the court would be warranted in disturbing this verdict.

And now, to wit, June 20, 1924, the rule for a new trial is discharged.